UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBIN R.,

                Plaintiff,

v.                                                     1:20-CV-1030
                                                        (WBC)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>6000 North Bailey Ave, Ste. 1A<br>Amherst, NY 14226 | KENNETH HILLER, ESQ.<br>JUSTIN JONES, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | GRAHAM MORRISON, ESQ. |

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 18.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

**I.    RELEVANT BACKGROUND**

### A. Factual Background

Plaintiff was born in 1991. (T. 64.) She completed high school. (T. 170.) Generally, Plaintiff's alleged disability consists of leg injuries, rib injuries, pelvic injuries, and aortic aneurysm. (T. 65.) Her alleged disability onset date is September 30, 2016. (T. 64.) Her date last insured is December 31, 2021. (*Id*.) Her past relevant work consists of factory worker and prep cook. (T. 170.)

### B. Procedural History

On June 12, 2017, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II of the Social Security Act. (T. 64.) Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On February 1, 2019, Plaintiff appeared before the ALJ, William Weir. (T. 27-63.) On May 10, 2019, ALJ Weir issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 12-26.) On June 5, 2020, the AC denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T. 17-22.) First, the ALJ found Plaintiff met the insured status requirements through December 31, 2021 and Plaintiff had not engaged in substantial gainful activity since September 30, 2016. (T. 17.) Second, the ALJ found Plaintiff had the severe impairments of: degenerative joint disease of the right hip, status post bilateral femur fractures. (*Id*.) Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part

404, Subpart P, Appendix. 1.  (T. 18.)  Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. 404.1567(a) except she had no limitations for sitting or standing.  (*Id*.)[1]  The ALJ determined Plaintiff should not walk more than 1/3 of the day; never climb stairs or use ladders, ropes, or scaffolds; and she should do no more than incidental squatting, stooping, or kneeling.  (*Id*.)  Fifth, the ALJ determined Plaintiff was unable to perform her past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 21-22.)

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff makes one argument in support of her motion for judgment on the pleadings.  Plaintiff argues remand is required because the ALJ failed to consider Plaintiff's back impairment at step two of the decision. (Dkt. No. 15 at 11-16.)  Plaintiff also filed a reply in which she reiterated her original argument.  (Dkt. No. 17.)

### B.     Defendant's Arguments

In response, Defendant makes one argument.  Defendant argues the ALJ's decision properly considered Plaintiff's ability to sit and stand.  (Dkt. No. 16 at 6-10.)

## III.    RELEVANT LEGAL STANDARD

### A.     Standard of Review

---

[1] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.  20 C.F.R. § 404.1567(a).

3

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and

4

despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.    Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. § 404.1520.  The Supreme Court has recognized the validity of this sequential evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

### IV.    ANALYSIS

Plaintiff argues the ALJ failed to account for Plaintiff's back impairment at step two.  (Dkt. No. 15 at 11-15.)  Plaintiff asserts the ALJ's error was not harmless because he failed to meaningfully address her back impairment at step four and the RFC failed to account for sitting limitations due to her back impairment.  (*Id*. at 14.)  Here, the ALJ's

step two determination was proper and supported by substantial evidence.  In the alternative, any error at step two would be harmless because the ALJ sufficiently discussed evidence of Plaintiff's back impairment at subsequent steps and the RFC determination was supported by substantial evidence.

At step two of the sequential evaluation process, the ALJ must determine whether the plaintiff has a severe impairment that significantly limits her physical or mental ability to do basic work activities.  *See* 20 C.F.R. § 404.1520(c).  An error in finding an impairment at step two may be harmless where the ALJ identified other severe impairments, proceeded with the subsequent steps, and in those steps specifically considered the plaintiff's non-severe impairments.  *Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013).

The ALJ's step two determination was proper and supported by substantial evidence.  At step two the ALJ determined Plaintiff had the severe impairment of "joint disease of the right hip, status post bilateral femur fractures." (T. 21.)  The ALJ determined Plaintiff's pseudoaneurysm not a medically determinable impairment.  (T. 22.)  Although the ALJ did not discuss Plaintiff's alleged back impairment in his step two analysis, the step two determination was proper.

As an initial matter, Plaintiff bears the burden of presenting evidence establishing severity.  *Smith v. Comm'r of Soc. Sec.*, 351 F. Supp. 3d 270, 276 (W.D.N.Y. 2018) (quoting *Taylor v. Astrue*, 32 F. Supp. 3d 253, 265 (N.D.N.Y. 2012)); *see also* 20 C.F.R. § 404.1512(a).  Plaintiff did not list a back impairment among her medical conditions in her disability application or in her appeal report. (T. 169, 191.)  Nor did she raise complaints about her back at the administrative hearing.  (T. 31, 45.)  As such, there

was no basis for the ALJ to infer that her back problems should have been more fully discussed at step two of evaluation. Further, any error in failing to identify a severe back impairment was harmless because the ALJ considered Plaintiff's complaints and treatment regarding a back impairment at subsequent steps of the evaluation.

A review of the record and the ALJ's determination indicates the ALJ meaningfully addressed Plaintiff's back impairment at step four and the RFC properly accounted for any sitting and standing limitations supported by the record. To be sure, Plaintiff cites evidence in the record of positive findings on examination and subjective reports of pain; however, substantial evidence nonetheless supports the ALJ's RFC determination. (Dkt. No. 15 at 12-13.)

It is not enough for Plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support her position. Substantial evidence "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record. *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012). The ALJ reasonably concluded the evidence in the record supported the determination that Plaintiff's alleged back impairment, alone or in combination with her other impairment, did not cause Plaintiff to be disabled.

Here, the ALJ considered the 2018 physical therapy notations Plaintiff cites in support of her argument. (T. 20.) In reviewing treatment evidence, the ALJ noted

physical therapy records stating Plaintiff had "moderate difficulty standing, no difficulty walking short distances, significant difficulty walking long distances, some difficulty with lifting and carrying, and no difficulty with pushing, pulling, reaching or grasping."  (T. 20, 402.)  The ALJ noted Plaintiff was discharged from physical therapy in 2017 because her goals were met.  (T. 20.)  The ALJ discussed physical therapy notations from November 2018 at which time Plaintiff sought treatment for her low back pain and her self-reports that standing and walking irritated her back.  (T. 20, 696.)  The ALJ noted a physical therapy report Plaintiff had "lumbar instability secondary to leg, gluteal and core weakness."  (T. 20, 670.)

      Plaintiff asserts "physical therapy notes [dated November 27, 2018] are clear the Plaintiff's back pain significantly limited her ability to perform basic work activities [. . .] her back caused in limitations in lifting only 'very light' weight, sitting over an hour, and standing over an hour, and walking over a half mile."  (Dkt. No. 15 at 13, *citing* T. 420.)  However, the limitations cited by Plaintiff in support of her argument are not objective observations of limitations, but Plaintiff's own subjective complaints.  (T. 420, "I can lift only very light weight;" "I cannot walk more than ½ mile without increasing pain," "Pain prevents me from sitting more than 1 hour;" "I cannot stand [] longer than ½ hours without increasing pain".)  In follow up appointments in December 2018 Plaintiff reported her back was "feeling pretty good today – just her legs are sore."  (T. 423.)  At two subsequent December 2018 physical therapy sessions Plaintiff reported her legs were sore (T. 696) and she had some tingling in her right foot (T. 700); however, Plaintiff did not complain of back pain.  Therefore, when the notations are read in context, the limitations were Plaintiff's subjective complaints and acute in nature.

An ALJ "is not required to accept the [plaintiff's] subjective complaints without question; he may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record." *Genier v. Astrue,* 606 F.3d 46, 49 (2d Cir.2010). Indeed, the ALJ discussed the physical therapy notations Plaintiff asserts support greater limitation and concluded that the notations, together with other evidence in the record, did not support greater limitations.

In his decision, the ALJ also considered the only medical opinion in the record provided by consultative examiner David Bauer, M.D. (T. 20.) On examination Dr. Bauer observed Plaintiff's cervical spine and lumbar spine had full range of motion. (T. 391.) Dr. Bauer opined Plaintiff had no limitation for sitting or standing. (T. 392.) Dr. Bauer further opined Plaintiff had a moderate to marked limitation for walking long distances or climbing stairs repetitively and a marked limitation for repetitive squatting, stooping, or kneeling. (*Id*.) The ALJ found Dr. Bauer's opinion persuasive. (T. 20.)

In sum, the record as a whole supports the ALJ's RFC for a reduced range of sedentary work. In formulating the RFC the ALJ considered medical evidence in the record, including treatment Plaintiff received for her back impairment. *See* 20 C.F.R. § 404.1523 (stating that the ALJ is required to consider the "combined effect of all of [plaintiff's] impairments without regard to whether any such impairment, if considered separately would be of sufficient severity"). The ALJ's RFC was supported by Dr. Bauer's opinion. Indeed, the ALJ's RFC determination closely mirrors Dr. Bauer's conclusion. For example, consistent with Dr. Bauer's findings, the ALJ specifically determined that Plaintiff would have no limitation for sitting and standing. (T. 18.)

Because the ALJ discussed the evidence concerning Plaintiff's alleged back impairment in his step four determination and because the specific limitations provided in the notations were Plaintiff's own subjective reports and acute, the ALJ did not err in overall conclusion that Plaintiff's back impairment was not disabling.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 15) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 16) is **GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:      August 19, 2021

*Bill Carter*
William B. Mitchell Carter
U.S. Magistrate Judge